OPINION
{¶ 1} Appellant Jerry Sellards ("Appellant") appeals the decision of the Ashland County Court of Common Pleas that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On September 16, 2004, Trooper Penny Beaty of the Ohio State Highway Patrol stopped appellant's vehicle on Interstate 71. Trooper Beaty made the traffic stop after she twice observed appellant's vehicle go a tire-width into another lane. Trooper Beaty approached appellant's vehicle and as she was talking to appellant, Trooper Beaty noticed an odor of raw marijuana emanating from the vehicle. Trooper Beaty removed appellant from his vehicle and placed him in her cruiser.
 {¶ 3} Trooper Beaty informed appellant that she could smell the odor of raw marijuana emanating from his vehicle. Appellant denied possession of any drugs. Trooper Beaty called for back-up and when another trooper arrived on the scene, she performed a probable cause search of appellant's vehicle. Trooper Beaty found no contraband in the passenger compartment of the vehicle. However, upon searching the vehicle's trunk, she discovered a large black trash bag containing freezer bags of raw marijuana.
 {¶ 4} Trooper Beaty placed appellant under arrest and transported him to the state trooper post. After Trooper Beaty placed the marijuana in the trunk of her cruiser, appellant commented, while driving to the post, that he himself thought the marijuana smelled strong and that he could smell the odor from the trunk of the cruiser.
 {¶ 5} On October 26, 2004, the Ashland County Grand Jury indicted appellant for one count of possession of marijuana and one count of possessing criminal tools. Appellant entered a plea of not guilty to the charges and subsequently filed a motion to suppress the evidence seized from his trunk. In his motion to suppress, appellant argued the search of his vehicle was without consent and unlawful because Trooper Beaty lacked probable cause to conduct the search. The trial court conducted a hearing on appellant's motion on April 6, 2005.
 {¶ 6} On May 17, 2005, the trial court issued a judgment entry denying appellant's motion to suppress. The trial court concluded Trooper Beaty had probable cause to search appellant's vehicle. On August 8, 2005, appellant appeared before the trial court, withdrew his plea of not guilty, and entered a plea of no contest to both counts of the indictment. On September 23, 2005, the trial court sentenced appellant to a one-year prison term.
 {¶ 7} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS."
 I {¶ 9} In his sole assignment of error, appellant maintains the trial court erred when it overruled his motion to suppress. We disagree.
 {¶ 10} On appeal, there are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37.
 {¶ 11} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 12} In the case sub judice, appellant argues the trial court incorrectly decided the ultimate issue raised in the motion to suppress. We will address this argument under a de novo standard of review. Appellant essentially argues Trooper Beaty's testimony that she could smell the odor of raw marijuana emanating from his vehicle is not credible and therefore, Trooper Beaty did not have probable cause to conduct the search of his vehicle.
 {¶ 13} The Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant. Katz v. United States
(1967), 389 U.S. 347, 357; State v. Brown (1992),63 Ohio St.3d 349, 350, overruled on other grounds, 94 Ohio St.3d 489,2002-Ohio-1483.
 {¶ 14} Accordingly, a two-step analysis applies. First, there must be probable cause. If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies. If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed. Mapp v. Ohio (1961), 367 U.S. 643; AL Post 763 v.Ohio Liquor Control Comm. (1998), 82 Ohio St.3d 108, 111.
 {¶ 15} In the case sub judice, appellant initially argues that he committed only a de minimus traffic violation and therefore, Trooper Beaty lacked sufficient justification to stop his vehicle. We note that appellant did not raise this argument, before the trial court, at the suppression hearing. As an appellate court, we need not consider an error which a party complaining of the trial court's judgment could have called, but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus, overruled on other grounds, (1988),40 Ohio St.3d 226. Accordingly, we will not address this argument as it is raised for the first time on appeal.
 {¶ 16} Appellant next contends Trooper Beaty did not have probable cause to search his vehicle because it is not possible that she could smell the odor of raw marijuana emanating from his vehicle when the marijuana was located in freezer bags, inside a large trash bag, in his trunk. In support of this argument, appellant references the cases cited by the trial court in its judgment entry. These cases are as follows: State v. Tevis
(Apr. 30, 1998), Ashland App. No. 97-COA-01224; State v. Jones
(Aug. 3, 1998), Ashland App. No. 97-COA-01240; and State v.Moore, 90 Ohio St.3d 47, 2000-Ohio-10.
 {¶ 17} In the Tevis case, this court held the trial court should have granted defendant's motion to suppress. In reaching this conclusion, we explained as follows:
 {¶ 18} "Although the determination of the credibility of witnesses generally lies within the discretion of the trial court, the testimony in this case was simply too incredible to support the court's decision. The raw marijuana was in a sealed plastic baggie, placed in a paper bag, and sealed in a canvas bag. In the absence of a trained drug dog's sense of smell, Trooper Keener could not possibly have smelled the odor of raw marijuana upon approaching the car." Id. at 2.
 {¶ 19} The next case to come before the court was the Jones
case. In Jones, a state trooper smelled the odor of burnt marijuana emanating from the interior of a vehicle he had stopped for a traffic violation. Upon searching the interior of the vehicle, the trooper found no traces of marijuana in the passenger compartment. After searching the passenger compartment, the trooper opened the trunk of the vehicle and found four pounds of marijuana.
 {¶ 20} In concluding the trial court erred when it denied the defendant's motion to suppress, this court stated:
 {¶ 21} "In this case, Trooper Keener claims he smelled the distinctive odor of burning marijuana emanating from appellant's automobile. We do not find this evidence, standing alone, to be sufficient to provide the probable cause necessary to search the trunk of appellant's vehicle. The odor of burning marijuana, when supported by tangible evidence, and considered in the totality of the circumstances surrounding the search, may provide probable cause for the belief a person has recently indulged in the use of marijuana, and/or may have a small quantity of the substance on his or her person or in the area within his or her immediate control However, the smell of burning marijuana, standing alone, cannot be used to justify the search of an area where that smell does not indicate evidence of the crimes of marijuana use or possession could reasonably be located. Accordingly, we find that the smell of burning marijuana does not provide an adequate basis for a reasonable belief that contraband may exist in the locked trunk of an automobile. After all, one does not burn marijuana in the trunk of a moving vehicle." Id. at 4.
 {¶ 22} Finally, the Ohio Supreme Court, in the Moore case, addressed the issue of whether the smell of marijuana, alone, is sufficient to establish probable cause. In doing so, the Court held that, "[t]he smell of marijuana alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." Id. at syllabus. The Ohio Supreme Court's decision, in Moore, rejects the conclusion we reached inJones that tangible evidence, in addition to the smell of marijuana, is needed to establish probable cause for a search.
 {¶ 23} Appellant essentially relies upon our decision inTevis and argues that Trooper Beaty's testimony that she could smell raw marijuana emanating from appellant's vehicle is not credible. We would agree that the facts of this case are almost identical to those considered in Tevis. However, the factual distinction that sets the case sub judice apart from the Tevis
decision is appellant's comment made to Trooper Beaty after she placed the marijuana in the trunk of her cruiser. Appellant acknowledged to Trooper Beaty that he thought the raw marijuana had a strong smell and that he could smell it emanating from the trunk of her cruiser. Tr. Suppression Hrng., Apr. 6, 2005, at 48.
 {¶ 24} This comment was not pertinent in determining whether Trooper Beaty had probable cause to search appellant's vehicle. However, it was pertinent in the trial court's determination of Trooper Beaty's credibility (i.e. that she could smell the odor of raw marijuana emanating from appellant's vehicle.) Appellant's comment supports Trooper Beaty's testimony that she could smell the odor of raw marijuana. Therefore, because of appellant's statement that he too could smell the marijuana, pursuant to theMoore decision, Trooper Beaty had probable cause to search the trunk of appellant's vehicle.
 {¶ 25} Accordingly, we conclude the facts of this case meet the appropriate legal standard necessary to find that probable cause existed to search the trunk of appellant's vehicle.
 {¶ 26} Appellant's sole assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs assessed to Appellant.