[Cite as *State v. Bode*, 2025-Ohio-850.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Michael D. Hess, J. |
| | : | Hon. Jason P. Smith, J. |
| | : | |
| | : | Judges Hess and Smith Sitting by |
| | : | Assignment by the Supreme Court of |
| | : | Ohio |
| -vs- | : | |
| | : | |
| SCOTT BODE, | : | Case No. 24 CAA 06 0038 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
                             Court of Common Pleas, Case No.
                             23 CRI 120740

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            March 10, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MELISSA A. SCHIFFEL                       APRIL CAMPBELL
Prosecuting Attorney                      Campbell Law, LLC
                                          545 Metro Place South, Suite 100
By: KATHERYN L. MUNGER                    Dublin, Ohio 43017
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

*Baldwin, P.J.*

{¶1} The appellant, Scott Bode, appeals the trial court's denial of his motion to suppress. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On February 8, 2024, the Delaware County Grand Jury indicted the appellant for Aggravated Possession of Drugs in violation of R.C. §2925.11(A) with a firearm specification pursuant to R.C. §2941.141(A) and a major drug offender specification pursuant to R.C. §2941.1410(A), Possession of a Fentanyl-Related Compound in violation of R.C. §2925.11(A) with a firearm specification pursuant to R.C. §2941.141(A) and a major drug offender specification pursuant to R.C. §2941.1410(B), Aggravated Possession of Drugs in violation of R.C. §2925.11(A) with a firearm specification pursuant to R.C. §2941.141(A) and a major drug offender specification pursuant to R.C. §2941.1410(A), and Receiving Stolen Property in violation of R.C. §2913.51(A) with a firearm specification pursuant to R.C. §2941.141(A).

{¶3} On February 26, 2024, the appellant filed a Motion to Suppress, challenging the sufficiency of the warrant's affidavit.

{¶4} On March 19, 2024, the trial court held a suppression hearing.

{¶5} At the hearing, Joshua Wright of the Columbus Division of Police testified that he works for an ATF task force. He typically investigates violent crimes involving federal firearms offenses and narcotics trafficking.

{¶6} He continued that on December 12, 2023, he was contacted by the Delaware County Sheriff's Department when they discovered a stolen firearm at a traffic

stop. The firearm was stolen from a Federal Firearm Licensee during a burglary where over 100 firearms were stolen.

{¶7}    The occupant of the vehicle told officers she obtained the stolen firearm from a man named "Scott" staying at the Holiday Inn Express on Hutchinson Avenue in Columbus, Ohio. When investigators arrived at the hotel, they obtained information via subpoena that the appellant had rented a room at the hotel. The appellant had checked out of the hotel, and the room he was staying in was abandoned. Hotel management consented to a search of the room in which the appellant had been staying. Inside the room, officers found drug paraphernalia, including torn wrappers, kilo-sized wrappers, glass pipes, Naloxone, and torn baggies consistent with narcotics trafficking. In addition to the drug paraphernalia, the officers obtained mail addressed to the individual from the traffic stop and items addressed to the appellant.

{¶8}    Officer Wright said that on December 14, 2023, management from the hotel contacted law enforcement. They said the appellant came to retrieve some of his belongings and disclosed he had relocated to Candlewood Suites on Polaris.

{¶9}    The officer continued that on December 15, 2023, the investigators went to Candlewood Suites and spoke with staff. They confirmed the appellant had checked in with a large amount of luggage. The appellant had checked in the same day that investigators recovered the firearm at the traffic stop.

{¶10} Officer Wright then drafted a search warrant for the appellant's room at Candlewood Suites in Delaware County, looking for approximately eighty-eight firearms from the burglary and a large amount of narcotics based on information obtained at the

traffic stop and the Holiday Inn Express. The judge agreed that enough probable cause existed and signed the search warrant.

{¶11} After Joshua Wright's testimony, the State rested. The appellant did not call any witnesses.

{¶12} On April 11, 2024, the appellant filed a Post Hearing Memorandum in Support of Defendant's Motion to Suppress.

{¶13} On May 24, 2024, the trial court denied the appellant's Motion to Suppress.

{¶14} On June 4, 2024, the appellant entered a plea of no contest to Possession of a Fentanyl-Related Compound in violation of R.C. §2925.11(A) with a firearm specification pursuant to R.C. §2941.141(A) and a major drug offender specification pursuant to R.C. §29410(B). The trial court found the appellant guilty and sentenced him to eleven years in prison, with one consecutive year for the firearm specification and six consecutive years for the major drug offender specification.

{¶15} The appellant filed a timely notice of appeal and herein raised the following two assignments of error:

{¶16} "I. THE EVIDENCE AGAINST BODE SHOULD HAVE BEEN SUPPRESSED, BECAUSE THE AFFIDAVIT SUPPORTING THE SEARCH OF THE CANDLEWOOD SUITES HOTEL ROOM WAS NOT SUPPORTED BY PROBABLE CAUSE: THERE WAS NO EVIDENCE OF CRIMINAL ACTIVITY THERE."

{¶17} "II. THE GOOD FAITH EXCEPTION DOES NOT APPLY: AN OFFICER CANNOT REASONABLY PRESUME A WARRANT TO SEARCH A HOTEL ROOM IS VALID, WHEN THE AFFIDAVIT SUPPORTING THE WARRANT ONLY STATES THAT

THE POLICE "MAY" FIND EVIDENCE, WITHOUT EVIDENCE LINKING THE HOTEL

ROOM TO CRIMINAL ACTIVITY."

**I.**

{¶18}  In the appellant's first assignment of error, the appellant argues that the

warrant to search the appellant's hotel room at Candlewood Suites was not supported by

probable cause. We disagree.

**STANDARD OF REVIEW**

{¶19}  An appellate review of a trial court's decision to deny a motion to suppress

involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332 (4th

Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact

and, as such, is in the best position to resolve questions of fact and to evaluate witness

credibility. *State v. Brooks*, 1996-Ohio-134. A reviewing court is bound to accept the trial

court's findings of fact if they are supported by competent, credible evidence. *State v.*

*Medcalf*, 111 Ohio App.3d 142 (4th Dist.1996). Accepting these facts as true, the appellate

court must independently determine, as a matter of law, without deference to the trial

court's conclusion, whether the trial court's decision meets the applicable legal standard.

*State v. Williams*, 86 Ohio App.3d 37 (4th Dist.1993), overruled on other grounds.

{¶20}  There are three methods of challenging a trial court's ruling on a motion to

suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In

reviewing a challenge of this nature, an appellate court must determine whether the trial

court's findings of fact are against the manifest weight of the evidence. See *State v.*

*Fanning*, 1 Ohio St.3d 19 (1982); *State v. Klein*, 73 Ohio App.3d 486 (4th Dist.1991).

Second, an appellant may argue the trial court failed to apply the appropriate test or

correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See *Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate issue or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96 (8th Dist.1994).

**{¶21}** The appellant is not challenging the trial court's findings of fact but whether the trial court decided the ultimate issue correctly. We, therefore, must determine whether the facts satisfy the applicable standard.

**{¶22}** The Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); *State v. Brown*, 63 Ohio St.3d 349, 350, 588 N.E.2d 113 (1992), *overruled on other grounds* by *State v. Murrell*, 2002-Ohio-1483.

**{¶23}** The issue in this case is whether probable cause existed to support the issuance of the warrant. *State v. Sellards*, 2006-Ohio-3924 (5th Dist.), ¶¶13-14. In determining whether probable cause exists, the proper test is the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Probable cause exists when there is a fair probability, given the totality of the circumstances, contraband or evidence of a crime will be found in a particular place. *Id.*; *State v. Kadri*, 2017-Ohio-604 (5th Dist.), ¶24. The Ohio Supreme Court held in *State v. George*, 45 Ohio St.3d 325 (1989):

{¶24} The totality-of-the-circumstances test of *Illinois v. Gates, supra*, is concisely set forth in that decision at 238-239, 103 S.Ct. at 2332:

* * The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed. *Jones v. United States*, 362 U.S. at 271, 80 S.Ct. 725, 736, 4 L.Ed.2d * * *.

**ANALYSIS**

{¶25} The appellant argues the warrant to search the appellant's room at Candlewood Suites is not supported by probable cause. Specifically, the warrant failed to demonstrate a nexus between the hotel room and the appellant's criminal activity. We disagree.

{¶26} Probable cause for a search warrant requires some "nexus between the alleged crime, the objects to be seized, and the place to be searched." *State v. Castagnola*, 2015-Ohio-1565, ¶34. In order for a nexus to exist, the circumstances must indicate why certain evidence of illegal activity will be found at the location noted in the

search warrant. *State v. Young*, 2019-Ohio-4639 (10th Dist.), ¶18, citing *State v. Phillips*, 2016-Ohio-5944 (10th Dist.), ¶14; *United States v. Washington*, 380 F.3d 236, 240 (6th Cir.2004); *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir.2004).

**{¶27}** The warrant affidavit shows that law enforcement recovered a stolen firearm from a woman at a traffic stop. The woman told officers that she obtained it from a "Scott" staying at the Holiday Inn Express. Hotel management confirmed the appellant had reserved a room but had checked out. Law enforcement officers found mail belonging to the woman who obtained the stolen firearm from the appellant, mail belonging to the appellant, and drug paraphernalia, including a glass pipe and a large amount of drug packaging material at the appellant's abandoned room at the Holiday Inn Express. The appellant returned to the Holiday Inn Express to retrieve leftover items. He told management he is currently staying at Candlewood Suites, another hotel nearby. Video footage showed the appellant checking into Candlewood Suites with a large amount of luggage. The appellant left the Holiday Inn Express the same day law enforcement recovered the stolen firearm. Only three days had passed between the traffic stop and warrant application for the Candlewood Suites hotel room.

**{¶28}** Based on the information contained in the affidavit, we find that the totality of the circumstances establishes probable cause that evidence of the appellant's drug trafficking and possession of stolen firearms would be found in his hotel room at Candlewood Suites.

**{¶29}** Accordingly, the appellant's first assignment of error is overruled.

**II.**

**{¶30}** Based on our disposition in the appellant's first assignment of error, we decline to address the appellant's second assignment of error.

**CONCLUSION**

**{¶31}** Based upon the forgoing, the decision of the Delaware County Court of Common Pleas is, hereby, affirmed.

By: Baldwin, P.J.

Hess, J. and

Smith, J. concur.